[No. G031179. Fourth Dist., Div. Three. Apr. 8, 2004.]

ANGELA MORAN, Plaintiff and Respondent, v.
OSO VALLEY GREENBELT ASSOCIATION, Defendant and Appellant.

**COUNSEL**

Lee & Mellenger and Richard E. Mellenger for Defendant and Appellant.

Neuland, Nordberg & Andrews, Richard P. Neuland and Frederick T. Whitney for Plaintiff and Respondent.

OPINION

MOORE, J.—Appellant Oso Valley Greenbelt Association (the Association) appeals from a judgment awarding respondent Angela Moran $58,485.24 in attorney fees after a lawsuit concerning the Association's failure to produce minutes of board of directors' meetings upon Moran's request. Because the Association has failed to establish the court abused its discretion by awarding fees, we affirm.

I

FACTS

This is the second time this case has been before us. We restate the facts from our prior opinion in this case. (*Moran v. Oso Valley Greenbelt Assn.* (2001) 92 Cal.App.4th 156 [111 Cal.Rptr.2d 636].)

"Angela Moran is a member of the Association, a common interest development under the jurisdiction of the Davis-Stirling Common Interest Development Act. (Civ. Code, § 1350 et seq.) In October 1998, Moran sent a letter to the Association's management company, CC&R Management, asking for the Association to contact her 'to schedule a convenient time' to review the Board of Directors' meeting minutes.

"The parties sharply dispute the events that followed regarding who responded to letters and who did not, and whose phone calls were returned or ignored. Suffice it to say that each blames the other for the failure to resolve this dispute at its early stages, and attorneys became involved. The parties also questioned each other's motives. Moran was a paralegal employed by the attorneys representing her, Neuland, Nordberg & Andrews, and the Association suspected she was seeking the minutes on behalf of the law firm rather than in her interest as a member. Moran believed that the Association might not be keeping proper records or was actively hiding them to conceal some impropriety.

"By December 1998, Moran had yet to review the minutes. Based upon what they believed was a scheduled appointment, Moran and her counsel drove 45 minutes to CC&R Management's offices and were told their appointment was for the following week, and they could not review the minutes that day. Shortly thereafter, Moran filed an application for an order compelling production of the minutes and attorney fees and costs.

"While the application was pending, the parties continued to communicate regarding an informal resolution. The Association claimed that some of the

minutes Moran wished to review (going back approximately 10 years) were 'scattered throughout approximately 140 storage boxes' and 'not in any particular order.' The Association claimed it was prepared to turn over the minutes in late December, but intended to charge Moran $200 for 'eight hours of the Management Company's time to retrieve the documents at $25.00 per hour' in addition to $35.50 in photocopy costs at 25 cents per page. Moran's counsel responded that the Association did not have the right to charge for the management company's time and suggested the question of the $200 be reserved for the court. Moran's counsel requested production of the minutes upon payment of the $35.50 copy charge, but the Association's counsel refused.

"Moran retained an expert, Karen Bennett, who provided testimony on the custom and practice of the homeowner association industry. She testified, inter alia, that management companies keep minutes readily available in order to provide the prompt review required by the Civil Code and Corporations Code, and it would be improper to charge members for the costs of storing and retrieving the minutes. The Association did not provide testimony contradicting Bennett, and although it objected to what it characterized as Bennett's 'legal conclusions' it did not object to her statements regarding industry custom and practice.

"In March 1999, the court heard Moran's petition. After hearing oral argument, the court ruled from the bench: 'Each side's blaming the other for the delays. [I]t's not really up to me to really resolve that. It's a little difficult to resolve. [¶] . . . [¶] So the order of the court is an order compelling performance; that is, inspection of books and records. [¶] However, attorney's fees for either side will be denied; and costs for a person's time for going through the records will be denied. . . . All that they are going to get out of it are the costs of copying and postage. . . .' Thus, the court found the Association was not entitled to charge $200 for compiling the minutes. The written order reflects the ruling from the bench, stating the Association 'shall produce the minutes it wrongfully withheld upon payment by Petitioner of the reasonable costs associated with making the copies requested.' " (*Moran v. Oso Valley Greenbelt Assn., supra,* 92 Cal.App.4th at pp. 158–159.)

Moran appealed from the order denying attorney fees, resulting in the opinion quoted above. We noted the discretionary nature of an attorney fee award in cases arising under Corporations Code section 8337. (*Moran v. Oso Valley Greenbelt Assn., supra,* 92 Cal.App.4th at p. 160.) We reversed because we were faced with a "compelling inconsistency"—the trial court concluded that the Association had "wrongfully" withheld the records, yet, without explanation, denied an award of attorney fees. We could not, therefore, "conclude this aspect of the court's decision had any reasonable

basis. Perhaps the court did have a sound rationale, but we simply cannot reach this conclusion based on the order and the reporter's transcript of the court's decision. The decision is therefore subject to reversal." (*Id.* at p. 161.) We did not order the trial court to award fees in this case, merely to consider all the relevant factors and articulate its reasons for awarding or denying fees on the record. (*Ibid.*)

On remand, the court found that attorney fees were appropriate, and awarded Moran $58,485.24. The Association now appeals, raising only the issue of whether any attorney fee award is proper in this case. It does not challenge the amount of fees awarded by the trial court.

## II

## DISCUSSION

### Standard of Review

As we noted the first time this case came before us, we review the trial court's decision to award or deny attorney fees for abuse of discretion. "We will not disturb the trial court's decision absent an abuse of that discretion. [Citation.] The trial court's discretion, however, is not absolute: 'The discretion intended, however, is not a capricious or arbitrary discretion, but an impartial discretion, guided and controlled in its exercise by fixed legal principles. It is not a mental discretion, to be exercised *ex gratia*, but a legal discretion, to be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice.' [Citation.] An exercise of discretion is subject to reversal on appeal where no reasonable basis for the action is shown. [Citation.]" (*Moran v. Oso Valley Greenbelt Assn., supra,* 92 Cal.App.4th at p. 160.)

### Propriety of Attorney Fee Award

The Association offers several arguments in support of its contention that the trial court abused its discretion by awarding Moran attorney fees. In summary, the Association argues: 1) The lawsuit was filed solely for the purpose of obtaining attorney fees, not to obtain the minutes; 2) Moran is not entitled to attorney fees because she did not pay or incur them; 3) the Association never failed to comply with Moran's request; 4) an award of attorney fees was unreasonable in this case; 5) fees were inappropriate under the standards suggested by our prior opinion. We address each argument in turn.

*Purpose of the Lawsuit*

The Association first argues that the lawsuit was filed only for the purpose of obtaining attorney fees, not seeking compliance with the Association's statutory obligations. The Association does not claim it produced the minutes before the lawsuit was filed, but that "the Minutes were already promised by counsel before *any* work was done on the Petition and were then produced on the afternoon of the day the Petition was filed." First, we note this statement is without citation to the record, as are many factual statements in the Association's briefs. (See *Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856 [85 Cal.Rptr.2d 521].) The factual citations that are included are almost entirely to declarations filed by the Association, ignoring very different versions of the facts that are offered by Moran.

Even given the Association's self-serving statement of the facts, this argument lacks merit. The assertion that "the Minutes were already promised by counsel before any work was done on the Petition" is irrelevant, assuming the Association actually knew when Moran's counsel began working on the petition. The "promise" of the minutes meant little by the time matters had escalated to the extent attorneys were involved on both sides; actually producing the minutes was what mattered, not promises that might or might not be kept. The Association does not argue that no legal work had been done by the time the minutes were finally produced, nor does it follow that pursuing the petition was unnecessary in light of the Association's demand for the $200 payment in addition to copying costs. Thus, the trial court did not abuse its discretion by concluding the lawsuit was filed for a proper purpose.

*Fees Incurred*

The Association next argues, "There is nothing in the record to indicate that MORAN has actually incurred or paid any attorneys' fees. MORAN is a paralegal that works for the . . . attorneys that are representing her." The Association's argument seems to be that if the firm Moran works for is representing her on a pro bono basis, she is not permitted to recover attorney fees under Corporation Code section 8337's fee-shifting provision. This argument ignores all recent jurisprudence on this subject and is patently without merit.

One of the cases cited by the Association interprets a long-repealed statute. (*City of Long Beach v. O'Donnell* (1928) 91 Cal.App. 760 [267 P. 585].) The other cases cited all concerned the propriety of attorney fee awards to in propria persona litigants, either attorney or nonattorney, and are simply irrelevant in this context. (*Trope v. Katz* (1995) 11 Cal.4th 274 [45

Cal.Rptr.2d 241, 902 P.2d 259] [pro se attorney litigant not entitled to fees under Civ. Code § 1717]; *Jacobson v. Simmons Real Estate* (1994) 23 Cal.App.4th 1285 [28 Cal.Rptr.2d 699] [nonattorney pro se litigant not entitled to fee award under Civ. Code § 1717]; *Bruno v. Bell* (1979) 91 Cal.App.3d 776 [154 Cal.Rptr. 435] [denying fees in a common fund case involving pro se attorney litigant who had not incurred fees].)

■ Modern jurisprudence does not require a litigant seeking an attorney fee award to have actually incurred the fees. "[I]n cases involving a variety of statutory fee-shifting provisions, California courts have routinely awarded fees to compensate for legal work performed on behalf of a party pursuant to an attorney-client relationship, although the party did not have a personal obligation to pay for such services out of his or her own assets." (*Lolley v. Campbell* (2002) 28 Cal.4th 367, 373 [121 Cal.Rptr.2d 571, 48 P.3d 1128].) Moreover, the court noted: "The right of a party to seek an award of statutory attorney fees is not equivalent to a right to retain such fees." (*Id.* at p. 373, fn. 4.)

The Association's attempts to distinguish this line of cases is based entirely on factual distinctions, and utterly unpersuasive, as courts throughout California have reached similar conclusions when interpreting other statutory fee-shifting provisions. (See, e.g., *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1127 [104 Cal.Rptr.2d 377, 17 P.3d 735] [attorney fees available under Code of Civil Procedure section 425.16 to litigant represented by pro bono attorney]; *Do v. Superior Court* (2003) 109 Cal.App.4th 1210 [135 Cal.Rptr.2d 855] [discovery sanctions available to litigant represented by pro bono attorney]; *In re Marriage of Ward* (1992) 3 Cal.App.4th 618, 624 [4 Cal.Rptr.2d 365] [statutory fee award in child support matter available to litigant represented by pro bono attorney].) The Association's argument on this point lacks any merit whatsoever.

*The Association's Compliance*

Corporations Code section 8337 provides, "In any action or proceeding under this article . . . if the court finds the failure of the corporation to comply with a proper demand thereunder was without justification, the court may award the member reasonable costs and expenses, including reasonable attorneys' fees, in connection with such action or proceeding."

The Association argues that Corporations Code section 8337 does not permit an award of attorney fees in this case because it did not "fail to comply" and any delay was justifiable. The Association is effectively asking us to review the initial trial court decision that the minutes were "wrongfully" withheld from Moran. We decline to do so. If the Association wished to raise

this issue, it should have cross-appealed from Moran's first appeal in this matter; it chose not to do so and therefore waived the right to appeal that finding.

Moreover, as we noted in our prior opinion, the conclusion that the Association wrongfully withheld the minutes was "amply supported by the facts, including the length of the delay, the aborted meeting at the management company's office, the Association's intransigent demand for the $200 fee prior to providing copies of the minutes, and the uncontradicted expert testimony rejecting the Association's recordkeeping practices as aberrant and outside industry norms." (*Moran v. Oso Valley Greenbelt Assn., supra,* 92 Cal.App.4th at p. 160.) Thus, the trial court did not err by concluding that an award of attorney fees was appropriate under Corporations Code section 8337.

*Reasonableness of Fee Award*

Arguing that Moran ultimately received the minutes on the day the lawsuit was filed, the Association argues, "[I]t would be blatantly unreasonable to award MORAN's attorney fees of $58,000.00 for running up the clock for something they would have received anyway without even having filed the suit." This is similar to the argument that the lawsuit was filed for an improper purpose, and we likewise reject it. It is clear from the record that despite the "promises" that the minutes were forthcoming, they were not actually delivered until after the lawsuit was filed. Given the history of relations between Moran and the Association by that point, Moran's decision to file the lawsuit rather than rely on those promises was reasonable.

■ The Association next claims the fee award was unreasonable because "All of the costs and time charges MORAN is allegedly seeking, except for 1.9 hours were incurred *after* ASSOCIATION's counsel had promised that the records being sought were forthcoming." Again, the "promises" were irrelevant, and even after the minutes were produced, Moran had the right to seek recovery of fees incurred prior to that date, ultimately leading to the prior appeal in this matter. The circumstances under which the attorney fees were incurred in this matter does not make an award unreasonable, and the trial court did not abuse its discretion by reaching this conclusion. We note once again that the Association is not challenging the *amount* of the award, delving into the propriety of counsel's hourly rate or the number of hours spent, only the propriety of the award itself.

*Standards Suggested in Prior Opinion*

In our prior opinion, we wrote: "In *Common Cause v. Stirling* (1981) 119 Cal.App.3d 658, 665 [174 Cal.Rptr. 200] the Court of Appeal reviewed the

standards for awarding attorney fees under the Brown Act, which, like Corporations Code section 8337, includes a discretionary attorney fees provision. We find its guidance to the trial court useful and adopt it here: 'A court must . . . examin[e] all the circumstances of a given case to determine whether awarding fees under the statute would be unjust with the burden of showing such inequity resting on the defendant. . . . Without limitation, some other considerations which the court should weigh in exercising its discretion include the necessity for the lawsuit, . . . the likelihood the problem would have been solved by other means and the likelihood of the recurrence of the unlawful act in the absence of the lawsuit.' [Citation.]" (*Moran v. Oso Valley Greenbelt Assn., supra,* 92 Cal.App.4th at p. 161.)

 The Association argues this case does not meet those standards. But given the history of the dispute before the lawsuit was filed, a reasonable court could have found that the lawsuit was necessary, unlikely to be resolved by other means, and that the Association would continue to stonewall homeowners seeking records. Thus, even if the problem might eventually have been resolved in the absence of the lawsuit, it was not an abuse of discretion to conclude otherwise.

### III

### DISPOSITION

The judgment is affirmed. Moran is entitled to her costs on appeal.

Sills, P. J., and Rylaarsdam, J., concurred.