Filed 4/3/14  P. v. Moran CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G048100 |
| v. | (Super. Ct. No. M14603) |
| GENE LOWELL MORAN, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Gregg L. Prickett, Judge.  Reversed and remanded.

Okorie Okorocha for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, William M. Wood and Meagan J. Beale, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Appellant contends the trial court abused its discretion when it denied his petition for a certificate of rehabilitation. We reverse and remand.

I

FACTS

Appellant Gene Lowell Moran, born in 1961, filed a petition for a certificate of rehabilitation on January 14, 2013. His petition lists seven past convictions.

*Past Convictions*

On August 6, 1999, appellant was convicted of second degree burglary in case No. 99CF0024 in the County of Orange. He was in the Orange County jail from December 31, 1998 until August 31, 1999, followed by court ordered psychological counseling. After his probation was successfully completed on August 5, 2002, he filed a petition for relief pursuant to Penal Code, section 1203.4, which was granted on December 3, 2012. (Unless otherwise indicated, all statutory references are to the Penal Code.) According to his present petition, he has not been incarcerated in any prison, jail, detention facility or other penal institution or agency after his 1203.4 petition was granted.

Appellant's second most recent conviction was for petty theft with a prior on February 1, 1999 in case No. 96CM07148, also in Orange County. He explains in his petition that this is an approximate date as the court record has been destroyed. He says a warrant for his arrest was discovered upon his arrest in case No. 99CF0024, and that he pleaded guilty to a misdemeanor in exchange for time served.

His third most recent conviction was on July 18, 1997, for petty theft with a prior and second degree burglary in case No. 97NF0770 in Orange County. He was incarcerated in Orange County jail and Wasco State Prison from March 17, 1997, to November 21, 1998, when he was released on parole.

2

Appellant's fourth most recent conviction was on September 3, 1996 for grand theft with a theft prior and second degree burglary in case No. 96WF1476 in Orange County. He was in the Orange County jail from July 1 to July 4, 1994, released on bail, and rearrested on August 10, 1996 and jailed until March 1, 1997.

The fifth most recent conviction was on August 10, 1996, for second degree burglary in case No. 96HM05613 in Orange County. He was committed to the Orange County jail for that offense as well as for case No. 96WF1476, and released on March 1, 1997.

Appellant's sixth most recent conviction was on March 2, 1996, for petty theft in case No. 96WM03608 in Orange County. Imposition of sentence was suspended and he was placed on probation.

His earliest, and seventh most recent conviction, was on January 26, 1996, for petty theft and theft in case No. 96HM00906 in Orange County. Imposition of sentence was suspended and he was placed on probation.

*Declarations Attached to Petition for Certificate of Rehabilitation*

Appellant declared that, "[d]uring the period of my rehabilitation, I have lived an honest and upstanding life, conducted myself with sobriety and industry, and exhibited good moral character; I have conformed to and obeyed all the laws of the land." He says he was diagnosed with severe clinical depression in November 1995 and a psychiatrist placed him on the drug Effexor, and he developed "a compulsive adrenaline rush to shoplift small value items such as compact discs and electronic equipment." He adds he had "the fortunate luck to get a deputy public defender named Mark Brown, who saw that I did not belong in the system and believed he could advocate for psychological treatment as part of an eventual plea bargain sentence." A psychologist diagnosed him as an "atypical theft offender." He states he has not been arrested for 13 years, graduated from UCI's paralegal program and has been employed as a litigation paralegal.

3

Additionally he says he has done "extensive pro bono work for the Orange County Paralegal Association." He also states he has maintained a residence in California since he was released in August 1999.

Attorney Okorie Okorocha declared appellant was discharged from his employment with a law firm after someone conducted "an illegal background check and illegally discriminated against him based upon learning of [appellant's] prior civil case *Moran v. Murtaugh, Miller, Meyer & Nelson LLP*."[1] Okorocha further states: "I wish that all of my clients in my criminal law practice were as inclined as Mr. Moran has been to get back up where he had fallen down, and once again contribute to society in a positive way."

A self-described paralegal and peer of appellant, Michelle Manu, declares: "I first became aware of Mr. Moran's prior legal problems when I received an anonymous letter as an [Orange County Paralegal Association] Board Member attaching a copy of the case of *Moran v. Murtaugh, Miller, Meyer & Nelson LLP* from an individual who was advocating that because of the criminal history information disclosed

---

[1] An opinion from this court, *Moran v. Murtaugh, Miller, Meyer & Nelson, LLP* (Jan. 31, 2005, G033102) previously partially published and superseded by the California Supreme Court's grant of review states appellant is a vexatious litigant, and the first paragraph of facts reads: "Murtaugh hired Moran for an at-will position as a paralegal on April 2, 2003. Because Moran would be privy to client confidences, he was required to sign a confidentiality statement. On April 3, 2003, after a discussion with Moran, firm associate David Davidson conducted a computerized legal database search that turned up three unpublished appellate opinions in which Moran was a party. The three cases, all civil suits, revealed that Moran had suffered several felony convictions, including grand theft, second degree burglary, and theft with a prior conviction. In one of the cases, Moran sued the City of Brea, its police department, a mall owner, a store owner, and several officials and individuals for allegedly violating his civil rights when he was arrested for commercial burglary at Brea Mall."

In *Moran v. Murtaugh Miller Meyer & Nelson, LLP* (2007) 40 Cal.4th 780, the Supreme Court held that a trial court was empowered to weigh evidence presented on a security motion to determine whether a vexatious litigant has a reasonable probability of success.

4

in this case, that Moran should be disenfranchised from his pro-bono work and membership with the OCPA." Manu also states: "Because Mr. Moran had never violated any rules of the OCPA and there was no preclusion to Mr. Moran being a member of the OCPA, his official status of the organization did not change, and he has been a productive and welcomed member providing pro bono assistance to the organization since 2004."

Evan Blair, a member of the California State Bar, declares he has been a friend of appellant for over 20 years. He says he was appellant's attorney in his employment case. Among other things, Blair states: "Unfortunately, because Mr. Moran had filed and ultimately dismissed other civil cases, or failed to litigate his own *pro per* civil cases well, it gave these defendants the ability to exploit the CCP section 391.1 vexatious litigant statute and prevent the merits of Mr. Moran's case from ever being reached. . . ." ". . . [T]here has been an unanticipated number of Internet postings of the case opinion and law firms making statements about the case to promote their own law practices. Because of some law firms desire to exploit a loophole in the employee background check law by performing www.Google.com or other popular Internet search engine searches on Mr. Moran and then declining to interview or hire him, he is being unlawfully discriminated against in obtaining employment opportunities as a paralegal. . . ." [¶] . . . [¶] "Based upon my unique perspective of knowing and observing Mr. Moran through the entire scope of the past 21 years, I truly believe that Mr. Moran is fully rehabilitated and can continue to contribute to society in a positive way."

Jerome Wilhoit states he is a personal friend of appellant and has known him since they were roommates in the late 1980's. He also states: "I also have observed that Mr. Moran is an incredibly resilient person with a strong character and sense of morality, and further, that he has channeled all his energies subsequent to his incarceration into bettering himself with counseling and education, and, additionally, using his abilities to help others, even when it involves selfless personal sacrifice."

5

*Doctor's Report*

Attached to appellant's petition is a report by Jose L. Moral, M.D., a diplomate of the American Board of Psychiatry & Neurology. Moral opines in the report that, when appellant committed the offenses, he "was in a significantly depressed state." The doctor also stated appellant was suffering from a chronic psychiatric condition, and that the condition was a significant element in his mental state when he committed the offenses.

*Notice of Petition*

Appellant served a notice of his petition as well as the date and time of the hearing to the district attorney, as well as to the Governor.

*The People's Response*

The People filed a written brief. The brief says it's a response. It does not say it's an opposition. It further states it is submitted "to assist the court in exercising its discretion in this matter." Attached to their papers are numerous court documents and police reports relating to appellant's numerous convictions.

*The Hearing*

On March 1, 2013, the court asked if either counsel wanted to argue. Neither did. The court stated only: "Motion is denied."

*Request for Statement of Decision*

On April 9, 2013, appellant filed a written request for statement of decision pursuant to Code of Civil Procedure section 632 and California Rules of Court, rule 3.1590. By minute order, the court denied the request without explanation the next day.

II

DISCUSSION

In his brief, appellant contends that "no amount of evidence of rehabilitation will result in a successful petition." He argues "the method used by the Orange County Superior Court is manifestly a rubber-stamp denial process." According to appellant, the trial court abused its discretion in denying his petition.

In the respondent's brief, the Attorney General tells us that appellant's two previous petitions for certificates of rehabilitation were denied. Respondent adds the trial court "was in the best position to evaluate appellant's rehabilitation, based on the extensive documentation provided to the court," and asks us to affirm the judgment.

"[I]f after hearing, the court finds that the petitioner has demonstrated by his or her course of conduct his or her rehabilitation and his or her fitness to exercise all of the civil and political rights of citizenship, the court may make an order declaring that the petitioner has been rehabilitated, and recommending that the Governor grant a full pardon to the petitioner. This order shall be filed with the clerk of the court, and shall be known as a certificate of rehabilitation." (§ 4852.13, subd. (a).)

"The clerk of the court shall immediately transmit certified copies of the certificate of rehabilitation to the Governor, to the Board of Prison Terms and the Department of Justice, and, in the case of persons twice convicted of a felony, to the Supreme Court." (§ 4852.14.)

"The certified copy of a certificate of rehabilitation transmitted to the Governor shall constitute an application for a full pardon upon receipt of which the Governor may, without any further investigation, issue a pardon to the person named therein, except that, pursuant to Section 8 of Article V of the Constitution, the Governor shall not grant a pardon to any person twice convicted of felony, except upon the written recommendation of a majority of the judges of the Supreme Court." (§ 4852.16.)

7

"Any person convicted of a felony or any person who is convicted of a misdemeanor violation of any sex offense specified in Section 290, the accusatory pleading of which has been dismissed pursuant to Section 1203.4, may file a petition for certificate of rehabilitation and pardon pursuant to the provisions of this chapter if the petitioner has not been incarcerated in any prison, jail, detention facility, or other penal institution or agency since the dismissal of the accusatory pleading and is not on probation for the commission of any other felony, and the petitioner presents satisfactory evidence of five years residence in this state prior to the filing of the petition." (§ 4852.01, subd. (c).)

"The person shall live an honest and upright life, shall conduct himself or herself with sobriety and industry, shall exhibit a good moral character, and shall conform to and obey the laws of the land." (§ 4852.05.)

"[A]fter the expiration of the minimum period of rehabilitation applicable to him or her (and, in the case of persons released upon parole or probation, after the termination of parole or probation), each person who has complied with the requirements of Section 4852.05 may file in the superior court of the county in which he or she then resides a petition for ascertainment and declaration of the fact of his or her rehabilitation and of matters incident thereto, and for a certificate of rehabilitation under this chapter. No petition shall be filed until and unless the petitioner has continuously resided in this state, after leaving prison, for a period of not less than five years immediately preceding the date of filing the petition." (§ 4852.06.)

"The petitioner shall give notice of the filing of the petition to the district attorney of the county in which the petition is filed, to the district attorney of each county in which the petitioner was convicted of a felony or of a crime the accusatory pleading of which was dismissed pursuant to Section 1203.4, and to the office of the Governor, together with notice of the time of the hearing of the petition, at least 30 days prior to the date set for such hearing." (§ 4852.07.)

"[T]he court, upon the filing of the application for petition of rehabilitation, may request from the district attorney an investigation of the residence of the petitioner, the criminal record of the petition as shown by the records of the Department of Justice, any representation made to the court by the applicant, the conduct of the petitioner during his period of rehabilitation . . . and any other information the court may deem necessary in making its determination. If so requested, the district attorney shall provide the court with a full and complete report of such investigations." (§ 4852.12, subd. (a).)

"At the outset, we reject the suggestion that absent section 4852.01(d), a certificate of rehabilitation is *necessarily* available to any convicted felon who claims to meet the minimum statutory requirements and is otherwise eligible to apply. As we have explained, the superior court conducts a thorough inquiry into the applicant's conduct and character from the time of the underlying crimes through the time of the certificate of rehabilitation proceeding. (§§ 4852.1-4852.12.) The standards for determining whether rehabilitation has occurred are high. (§§ 4852.05, 4852.13(a); see §§ 4852.11, 4852.13(b).) The decision whether to grant relief based on the evidence is discretionary in nature." (*People v. Ansell* (2001) 25 Cal.4th 868, 887.)

"When the trial court grants a petition for a certificate of rehabilitation it is 'essentially making a personal representation to the Governor that [the petitioner is] worthy of a pardon.' [Citation.]" (*People v. Zeigler* (2012) 211 Cal.App.4th 638, 668.) "[A] petition for a certificate of rehabilitation is addressed to the trial court's discretion and the exercise of that discretion will be overturned only for manifest abuse that results in a miscarriage of justice. [Citations.]" (*Id.* at p. 667.)

"'"The discretion of a trial judge is not a whimsical, uncontrolled power, but a legal discretion, which is subject to the limitations of legal principles governing the subject of its action, and to reversal on appeal where no reasonable basis for the action is shown. [Citation.]'" [Citation.]" (*People v. Jacobs* (2007) 156 Cal.App.4th 728, 737.) "Perhaps the court did have a sound rationale, but we simply cannot reach this conclusion

9

based on the order and the reporter's transcript of the court's decision. The decision is therefore subject to reversal." (*Moran v. Oso Valley Greenbelt Assn.* (2001) 92 Cal.App.4th 156, 161.) It is well established that "[a] trial court's failure to exercise discretion is itself an abuse of discretion . . . ." (*In re Marriage of Gray* (2007) 155 Cal.App.4th 504, 515.)

Here appellant's evidence meets all the statutory requirements. The district attorney provided the court with ample documentation, but did not oppose the petition. Even the Attorney General states in its respondent's brief that appellant "appears to have met the statutory requirements for a certificate of rehabilitation." We can find no reasonable basis for the trial court's decision. After reviewing the totality of the circumstances in the record before us, we find significant evidence appellant was mentally ill at the time of his crime spree, and has since received treatment and reformed himself. We conclude the trial court's decision amounts to a miscarriage of justice.

*Motion on Appeal*

Appellant filed a motion in this court entitled: "APPELLANT'S MOTION TO PROCEED ANONYMOUSLY UNDER A PSEUDONYM OR BY INITIALS ONLY FOR PURPOSES OF THE DISPOSITION OPINION, OR IN THE ALTERNATIVE, FOR AN ORDER TO THE CLERK AND THE JUDICIAL COUNCIL TO NOT POST THE OPINION ON THE INTERNET." Respondent filed no opposition to the motion. Appellant's motion discusses his travails as a result of public access to information about his previous dealings with the court. While we can understand his distress, public access to court processes far exceeds his concerns. His motion is denied.

Court records involve the public's right to access under the First Amendment. (*Sorenson v. Superior Court* (2013) 219 Cal.App.4th 409, 422.) "[T]he sittings of every court shall be public." (Code of Civ. Proc. § 124.) "The court may

10

order that a record be filed under seal only if it expressly finds facts that establish: [¶] (1) There exists an overriding interest that overcomes the right of public access to the record; [¶] (2) The overriding interest supports sealing the record; [¶] (3) A substantial probability exists that the overriding interest will be prejudiced if the record is not sealed; [¶] (4) The proposed sealing is narrowly tailored; and [¶] (5) No less restrictive means exist to achieve the overriding interest." (California Rules of Court, rule 2.550(d).)

## III

## DISPOSITION

The judgment is reversed, and appellant's motion is denied. The matter is remanded to the trial court with directions to grant appellant a certificate of rehabilitation.

MOORE, J.

WE CONCUR:

O'LEARY, P. J.

RYLAARSDAM, J.

11