Filed 12/19/2022

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| DANIEL S. FARNUM, | H047850 |
| Plaintiff and Appellant, | (Santa Clara County Super. Ct. No. 2015CV280783) |
| v. | |
| IRIS BIOTECHNOLOGIES INC., | |
| Defendant and Respondent. | |

Appellant Daniel S. Farnum appeals from the trial court's order denying his request, pursuant to Corporations Code section 1604,[1] for an award of his reasonable expenses related to his demand for the inspection of respondent Iris Biotechnologies Inc.'s (Iris) records. Farnum argues that the trial court "made erroneous factual conclusions" and thus its order must be reversed.

As explained below, we disagree and will affirm the order.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

### A.  *Procedure*

We briefly recount the salient facts, as laid out in our prior opinion (*Farnum v. Iris Biotechnologies, Inc.* (Nov. 29, 2018, H042858) [nonpub. opn.] (*Farnum*)) and the other documents in the record on appeal.

Iris is a life sciences company incorporated in California in February 1999. The company went public in December 2007, but in August 2019, the Securities and Exchange Commission (SEC) revoked the registration of Iris's securities. Since its

---

[1] Unspecified statutory references are to the Corporations Code.

incorporation, Simon Chin has been chairman of Iris's three-member board of directors, its president, secretary, chief executive officer, chief financial officer, and majority shareholder. Chin's sister, Grace Osborne, has also been a member of the board of directors. Farnum was a member of the board of directors from March 2003 until November 2014 and, at the time our prior opinion was issued, owned approximately 8 percent of Iris's stock.[2]

In September 2014, Farnum requested inspection of corporate minutes, documents relating to the acquisition of Iris's subsidiary, and monthly cash flow statements following the acquisition. In October 2014, Farnum, in his capacity as a member of the board of directors and a shareholder, petitioned for a writ of mandate directing Iris to permit him to inspect and copy all corporate records.[3] Prior to the hearing on Farnum's petition, Farnum was voted off Iris's board of directors.

The superior court denied Farnum's petition under section 1602 because Farnum no longer had standing to inspect corporate records due to his ejection from the board of directors. The superior court also denied Farnum's petition, without prejudice, pursuant to former section 1601, on the ground that Farnum's request was "overbroad and lack[ed] a statement of purpose reasonably related to his interests as a shareholder."

---

[2] We do not know the current status of Farnum's ownership interest in Iris given the SEC's revocation of Iris's securities registration. We presume that if it had any bearing on the outcome of the proceedings below or this appeal, Farnum would have raised it in his opening brief.

[3] Section 1602 affords a director an "absolute right at any reasonable time to inspect and copy all books, records and documents of every kind." Under former section 1601, subdivision (a)(1) "[t]he accounting books and records and minutes of proceedings of the shareholders and the board and committees of the board of any domestic corporation . . . shall be open to inspection . . . upon the written demand on the corporation of any shareholder . . . at any reasonable time during usual business hours, for a purpose reasonably related to the holder's interests as a shareholder."

A few weeks later, Farnum served a set of 31 inspection requests on Iris, seeking to inspect a wide range of documents from both Iris and its subsidiary, Iris Wellness Labs, Inc.[4] Iris's counsel responded to the request indicating that certain documents, such as shareholder and board minutes, were not maintained and could not be produced,[5] but that audited financial statements from 2012 to 2014 had already been provided to Farnum. Through counsel, Iris indicated the remaining requests were not permitted under California law and therefore no responsive documents would be produced.

Farnum thereafter filed another petition for writ of mandate seeking to compel inspection and copying of corporate records in his capacity as a shareholder. After a hearing in August 2015, the superior court denied both the petition and Farnum's associated request for an award of attorney fees. Farnum appealed.

In *Farnum*, *supra*, (Nov. 29, 2018, H042858) [nonpub. opn.], this court reversed the order denying the writ petition, holding that Farnum had a right to inspect "certain accounting and financial records." (*Id*. at p. 20.) The court specifically noted, however, that the majority of Farnum's 31 inspection requests were for "categories of corporate records that were neither financial nor accounting records," specifically Farnum's requests Nos. 5, 10 through 16, 18 through 20, 22, 24 through 27, and 29 through 31. (*Id*. at pp. 14-15.) The court held that Farnum had "no right as a shareholder to inspect and copy these records." (*Id*. at p. 15.)

As to most of the remaining requests (Nos. 3, 6-9, 21, 23, & 28), the court determined that, as a shareholder, Farnum was entitled to examine the records at issue,

[4] The full list of requests is set forth in our prior opinion and we will not repeat it here. (See *Farnum*, *supra*, (Nov. 29, 2018, H042858) [nonpub. opn.] at p. 3.)

[5] In a subsequent e-mail, Iris's counsel clarified that Iris did not hold annual shareholders' meetings from 2007 up until November 2014 and attached a copy of the minutes from the November 14, 2014 shareholders' meeting. Counsel also noted that the minutes from the September 29, 2014 board of directors' meeting had already been provided to Farnum.

with specified limitations in scope.[6]  However, although request No. 17 sought financial and accounting records, the court concluded that the trial court properly denied this request because Iris had indicated it had no responsive documents.[7]

Finally, in response to Farnum's request for expenses, including attorney fees, under section 1604, our prior opinion stated:  "Here, on remand, the superior court may award an amount to reimburse Farnum for his expenses incurred before the superior court and on appeal."  (*Farnum*, *supra*, (Nov. 29, 2018, H042858) [nonpub. opn.] at p. 20.)

### B. Proceedings on remand

Farnum subsequently filed a motion pursuant to section 1604 seeking reimbursement of his expenses, including attorney fees, in enforcing his rights as a shareholder to inspect Iris's records.  Farnum argued that he was entitled to recovery of approximately $91,000 in attorney fees and costs because Iris's withholding of responsive records was " 'without justification.' "

Chin, apparently believing he could appear on behalf of Iris in propria persona, filed a "return" to Farnum's motion.  Farnum objected to the "return," noting that Chin could not appear on Iris's behalf.  He asked that the trial court strike the response and award his fees and expenses in full.

---

[6] For example, in connection with request No. 6, in which Farnum sought records of "all benefits paid to . . . Chin since December 2007," the court concluded Farnum was entitled to inspect the records covering the period between December 2007 and December 2011, as well as 2014, but not the records for 2012 to 2013, as he had not shown those records were "erroneous or incomplete." (*Farnum*, *supra*, at pp. 17-18.) With respect to request Nos. 21, 23, and 28, the court similarly found Farnum had no right to inspect Iris's records from 2012 and 2013 relating to those requests because Farnum had not shown the audited statements from those years were erroneous or incomplete. (*Id*. at pp. 18-20.)

[7] Our prior opinion does not mention request Nos. 1, 2, or 4, nor does Farnham raise those requests in his current briefing.  Presumably they were not significant to the prior appeal.  We mention them only to make clear that we did not overlook them.

4

Within a few days of Farnum's reply being filed, Iris retained an attorney, who submitted an opposition to Farnum's motion.[8]  In that opposition, Iris argued that this court's decision did not find that it had withheld documents without substantial justification; instead the court found that 23 of Farnum's 31 document requests were either improper or that Iris had fully complied with its obligations to respond.  As to the remaining categories, Iris noted this court did not indicate that it acted improperly in not producing the documents, and in any event, Iris had since complied with the court's direction.

Following a hearing, the trial court filed a detailed written order on December 12, 2019.  The court stated that, on appeal, Farnum scored "only a partial victory given the scope of relief [he] had sought."  Specifically, the trial court reiterated that the "Court of Appeal outright rejected Farnum's claims with respect to 23 of his 31 categories of request."  As to the remaining eight categories, in four of those (request Nos. 6, 21, 23, & 28), the Court of Appeal concluded Farnum had a right to inspect the records requested but only for the year 2014.  For two categories relating to two separate corporate lawsuits (request Nos. 8 & 9), the court found that Farnum was entitled to inspect the records relating to costs and fees, subject to Iris's right to withhold attorney-client privileged documents.  Finally, in relation to request Nos. 3 and 7, the Court of Appeal gave Farnum the right to inspect all "accounting records regarding the costs and professional fees incurred by Iris in creating Wellness Labs as well as the assets and liabilities of Wellness Labs."

Based on its analysis of section 1604, the trial court determined that "in light of all the relevant circumstances of this case, the court cannot say there is a showing that on the whole, Iris acted without justification in refusing Farnum's inspection demands."

---

[8] Presumably the trial court allowed Iris a period of time to retain counsel and submit an opposition.

5

The court denied Farnum's request for expenses in its entirety and denied Farnum's subsequent motion for reconsideration.

Farnum timely appealed.

## II. DISCUSSION

Before turning to the merits of the appeal, we note that Iris did not file a respondent's brief.[9] Accordingly, we "may decide the appeal on the record, the opening brief, and any oral argument by the appellant." (Cal. Rules of Court, rule 8.220(a)(2).) "Although some courts have treated the failure to file a respondent's brief as in effect a consent to a reversal, it has been said that the 'better rule . . . is to examine the record on the basis of appellant's brief and to reverse only if prejudicial error is found.' " (*In re Bryce C*. (1995) 12 Cal.4th 226, 232-233.) This approach gives full effect to the presumption that the judgment or order appealed from is correct and that, in order to prevail, the appellant has the burden to not only overcome that presumption but also demonstrate reversible error. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.)

### A. *Standard of review*

Farnum claims that because we are confronted with "whether the statutory criteria has been met under undisputed facts," this court should review the matter de novo, rather than examine whether the trial court abused its discretion in denying his request for expenses under section 1604. Farnum cites *Connerly v. State Personnel Board* (2006) 37 Cal.4th 1169, 1175 to support de novo review, but that case is distinguishable. In *Connerly*, the question was whether the party against whom attorney fees were awarded could be considered an "opposing party" under the terms of the applicable fee statute, specifically Code of Civil Procedure section 1021.5. As that question was "ultimately

---

[9] In an e-mail dated January 4, 2022, Chin advised this court that Iris is no longer in operation and that he filed dissolution paperwork with the California Secretary of State on December 29, 2021.

6

[one] of statutory construction," de novo review of whether the statute applied to that particular party was warranted. (*Connerly*, *supra*, at p. 1176.)

The " 'trial court's . . . award of fees and costs . . . is [generally] reviewed for abuse of discretion.' " (*Jones v. Goodman* (2020) 57 Cal.App.5th 521, 532.) However, the standard of review "may change depending on the particular issue under review." (*Id.* at p. 533.) " ' "[A]ny legal issue regarding the appropriate criteria for a fee award" ' " is reviewed independently. (*Ibid.*) " ' "But once those criteria are identified, we defer to the trial court's discretion in determining how they are to be exercised. [Citation.] In fashioning an equitable remedy, the trial court is in the best position to determine whether the criteria for a fee award have been met. We will not disturb its judgment on this issue unless we are convinced the court abused its discretion. [Citation.] A trial court abuses its discretion only where its action is clearly wrong and without reasonable basis." ' [Citation.] To the extent a trial court's ruling is based on factual determinations, we review the record for substantial evidence. [Citation.] ' "We look at the evidence in support of the trial court's finding, resolve all conflicts in favor of the respondent and indulge in all legitimate and reasonable inferences to uphold the finding." ' " (*Ibid.*)

Accordingly, in this case, we will independently examine section 1604's criteria for awarding expenses and then review whether the trial court abused its discretion in applying those criteria. To the extent the lower court's ruling is based on factual findings, we examine the record for substantial evidence supporting those findings.

### B. *Section 1604*

Section 1604 provides that, in any action or proceeding to enforce a shareholder's inspection rights, "if the court finds the failure of the corporation to comply with a proper demand thereunder was without justification, the court may award an amount sufficient to reimburse the shareholder . . . for the reasonable expenses incurred by such holder, including attorneys' fees, in connection with such action or proceeding."

7

The phrase "without justification" is not defined in section 1604. Farnum cites, but offers no analysis of, *Valtz v. Penta Inv. Corp.* (1983) 139 Cal.App.3d 803, a case in which the Court of Appeal reversed a trial court order denying an award of fees under section 1604. (*Valtz, supra*, at pp. 810-811.) *Valtz* itself does not discuss section 1604 at length, merely noting that the corporation "realized it was violating section 1600" when it refused the shareholder's inspection demand and that its "constitutional challenge [to that demand] is unsupported by authority and is inconsistent with the well established rule" permitting regulation of foreign corporations doing business in California. (*Valtz, supra*, at p. 811.) Accordingly, *Valtz* offers little guidance in resolving this dispute.

Farnum does not cite and our independent research has not disclosed a published California decision interpreting the phrase "without justification" as used in section 1604. As the trial court observed, two other Corporations Code sections, specifically sections 6337 and 8337, contain similar language[10] permitting recovery of expenses, including attorney fees, for enforcement of a member's inspection rights in the context of, respectively, nonprofit public benefit corporations and nonprofit mutual benefit corporations. Like section 1604, no published California case interprets section 6337. However, there are three cases addressing section 8337, namely *Moran v. Oso Valley Greenbelt Assn.* (2001) 92 Cal.App.4th 156 (*Moran I*), *Moran v. Oso Valley Greenbelt Assn.* (2004) 117 Cal.App.4th 1029 (*Moran II*), and *Chantiles v. Lake Forest II Master Homeowners Assn.* (1995) 37 Cal.App.4th 914 (*Chantiles*).[11] Unfortunately, none of

---

[10] Both sections provide: "In any action or proceeding under this article, . . . if the court finds the failure of the corporation to comply with a proper demand thereunder was without justification, the court may award the member reasonable costs and expenses, including reasonable attorneys' fees, in connection with such action or proceeding." (§§ 6337, 8337.)

[11] *Moran II* involved an appeal from the trial court's order awarding attorney fees following remand in *Moran I*. (*Moran II, supra*, 117 Cal.App.4th at p. 1032.) In *Chantiles*, the court briefly discussed section 8337 but only to point out that it was not reasonably probable the trial court would find the homeowners' association acted without (continued)

8

these cases address the meaning of "without justification" in section 8337 so we must look elsewhere for guidance on that question.

We need not look far. In *Doe v. United States Swimming, Inc.* (2011) 200 Cal.App.4th 1424 (*Doe*), this court examined the meaning of " 'substantial justification,' " albeit in the context of statutory sanctions for misuse of the Civil Discovery Act.[12] (*Doe, supra,* at p. 1434.) In *Doe,* we noted that "[i]n a variety of similar contexts, the phrase 'substantial justification' has been understood to mean that a justification is clearly reasonable because it is well grounded in both law and fact." (*Ibid.*)

Arguably, section 1604's omission of the modifier "substantial" could be inferred to mean that the justification sufficient to avoid an award of expenses and fees under a "without justification" statute need not be as weighty as that required by "substantial justification" statutes. We need not and do not decide that question here, however. *Doe's* observation that the required justification "is well grounded in both law and fact" is sufficient for our purposes. (*Doe, supra,* 200 Cal.App.4th at p. 1434.) As that criterion for awarding expenses under section 1604 aligns with that employed by the trial court, we now turn to an examination of whether the trial court abused its discretion in denying Farnum's motion for expenses.

### C. *No abuse of discretion*

It is in resolving this question that *Moran I*'s examination of the analogous section 8337 is helpful. In *Moran I,* the court held that the trial court abused its discretion in declining to award costs, expenses, and attorney fees under section 8337.

---

justification and thus there was no need to remand the matter for a determination of expenses and fees under that statute. (*Chantiles, supra,* 37 Cal.App.4th at pp. 926-927.) As neither *Moran II* nor *Chantiles* offer guidance beyond the standard laid out in *Moran I,* we will not address them further.

[12] Code of Civil Procedure section 2016.010 et seq.

(*Moran I*, *supra*, 92 Cal.App.4th at p. 158.) The court's decision in *Moran I* was entirely predicated on a glaring inconsistency: the trial court found that the corporation had wrongfully rejected a production demand for the minutes of certain meetings, but in spite of that finding, it denied relief to the member who sought those minutes. (*Id.* at pp. 160-161.) The court also noted that the trial court did not explain its ruling, and "[a]lthough . . . section 8337 does not require a written order explaining the court's decision, without any explanation of its reasoning, we cannot conclude this aspect of the court's decision had any reasonable basis." (*Ibid.*)

The court emphasized that it was not holding "that every litigant prevailing under Corporations Code section 8337 is entitled to an award of attorney fees and costs; the statute says 'may' rather than 'shall' and that is what it means." (*Moran I*, *supra*, 92 Cal.App.4th at p. 161.) In examining whether to award discretionary expenses and fees, *Moran I* adopted the standard laid out in *Common Cause v. Stirling* (1981) 119 Cal.App.3d 658, 665, and provided the following guidance to trial courts: " 'A court must . . . examine all the circumstances of a given case to determine whether awarding fees under the statute would be unjust with the burden of showing such inequity resting on the defendant. . . . Without limitation, some other considerations which the court should weigh in exercising its discretion include the necessity for the lawsuit, . . . the likelihood the problem would have been solved by other means and the likelihood of recurrence of the unlawful act in the absence of the lawsuit.' " (*Moran I*, *supra*, at p. 161.)

Here, the trial court expressly followed the guidance of *Moran I*, discussing the circumstances of the case at some length, as follows: "[B]efore this petition [under section 1604] was filed, Farnum had asserted rights and litigation positions against Iris, some reasserted here, that were found by the court to lack merit. Then, this court denied Farnum's petition, arguably conferring at least some measure of justifiability on Iris's arguments. And even with a reversal on appeal, Iris's arguments on the clear majority of

10

Farnum's requests were ultimately judged to have merit. As to most of those remaining, the reversal turned on one issue—Iris's lack of compliance with GAAP[13]—that was the subject of a good faith dispute and one for which Iris's reliance on a leading treatise was not unreasonable or unjustified, given that it is not legally required to comply with GAAP and that its financial statements were indeed audited. The court is hard pressed in these circumstances to conclude that Iris's justifications offered were not for the most part grounded in law and fact. Further, Iris has apparently now fully complied as a result of the Court of Appeal's opinion."

The trial court also addressed the necessity of litigation and concluded that there was evidence going both ways on that question. "Certainly, both sides dug into their positions after Iris produced some records in response to Farnum's pre-litigation demand. Perhaps it could be said that Iris would have produced no more absent Farnum's writ petition, especially in light of correspondence sent on its behalf. But it can just as easily be concluded that had Farnum's demand been limited in scope to eliminate those many requests as to which even the Court of Appeal found no merit, the parties could have resolved this dispute on their own." As to the likelihood of reoccurrence, the court specifically concluded there was no evidence to support that factor.

### D. *Farnum fails to establish an abuse of discretion*

Farnum takes issue with the trial court's decision, averring it is based on certain "inaccuracies," as follows: (1) the appellate court's findings that Farnum was entitled to production of certain records due to Iris's failure to follow GAAP; and (2) following remittitur, Iris complied with the appellate decision and produced the required records. Farnum also complains that Chin misrepresented that Iris was a "properly functioning corporation" in the return he filed to Farnum's motion for expenses, when the record shows the SEC revoked its registration of securities.

---

[13] GAAP is an acronym for Generally Accepted Accounting Principles.

11

We are not persuaded that the above can be characterized as inaccuracies. Farnum raised the first two points at the hearing on his motion for reconsideration before the trial court, and the trial court responded to both. On the GAAP issue, the trial court noted that this court concluded in *Farnum* that he was entitled to Iris's financial records from 2014 because Iris admitted its financial statements for that year were inaccurate. That inaccuracy stemmed, at least in part, from Iris's failure to follow GAAP. The trial court's statement merely provided additional detail to the rationale set forth in *Farnum*.

With respect to Iris's post-remittitur compliance with *Farnum*, the trial court explained that Farnum did not file a reply and thus did not respond to the declaration from Iris's counsel that Iris had complied. Therefore, the trial court had no basis for questioning Iris's assertion. At the hearing on his motion for reconsideration, Farnum responded that "the record compliance issue wasn't before the court, and the record compliance issue would need to be addressed, you know, item-by-item on the record compliance and the background, and that was well beyond the scope and not noticed, nor was it before the court." To the extent that the trial court was inaccurate in its statement, that inaccuracy can be laid squarely at Farnum's feet by not filing reply papers (and supporting documentation) and is invited error.[14]

Finally, Farnum's complaint that Chin misrepresented Iris as a "properly functioning corporation" is simply not relevant to the question before the trial court, i.e., whether Iris acted "without justification" in not producing the financial records Farnum sought. Even if the issue were relevant, Farnum does not explain what it means for a corporation when the SEC revokes the registration of its securities, let alone that such an action automatically means the corporation is no longer "properly functioning."

---

[14] "Under the doctrine of invited error, when a party by its own conduct induces the commission of error, it may not claim on appeal that the judgment should be reversed because of that error." (*Mary M. v. City of Los Angeles* (1991) 54 Cal.3d 202, 212.)

Because Farnum failed to support this contention with argument and citation to authority, we consider the contention waived.  (*Hernandez v. First Student*, *Inc*. (2019) 37 Cal.App.5th 270, 277.)

None of Farnum's assertions establish that the trial court abused its discretion in finding that he was not entitled to an award of expenses under section 1604.  The trial court, recognizing that the language of section 1604 is permissive rather than mandatory, evaluated Farnum's motion utilizing the proper rubric and determined that Iris did not act "without justification."  Farnum's appeal is based mostly on his interpretation of his dispute with Iris and Chin, and belief that the underlying facts compel a result in his favor.  Absent a showing that the trial court abused its discretion in reaching a contrary conclusion, however, Farnum's appeal must, and does, fail.

## III.    DISPOSITION

The trial court's order denying Farnum's motion for expenses and attorney fees under Corporations Code section 1604 is affirmed.  No costs are awarded because Iris did not file a respondent's brief.  (Cal. Rules of Court, rule 8.278(a)(5).)

_____
                    Wilson, J.


WE CONCUR:




_____
        Greenwood, P.J.




_____
          Danner, J.




<u>Farnum v. Iris Biotechnologies Inc.</u>
H047850

| Trial Court: | Santa Clara County Superior Court<br>Superior Court No. 2015CV280783 |
| --- | --- |
| Trial Judge: | Hon. Helen E. Williams |
| Counsel for Plaintiff/Appellant: | Law Office of W.G. Watson, Jr.<br>Philip G. Watson<br>Stephen G. Watson |
| Counsel for Defendant/Respondent: | No respondent's brief filed |

Farnum v. Iris Biotechnologies Inc.
H047850